# Exhibit A

SPS

## COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

John Roe et al. vs. Fairfax County School Board et al.

CL-2024-0017790

TO:   Fairfax County School Board

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on December 19, 2024.

CHRISTOPHER J. FALCON, CLERK

By: _____
Deputy Clerk

Plaintiff's Attorney: D. Cory Bilton

SPS

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

### PROOF OF SERVICE

John Roe et al.
    **Plaintiff**
VS

Fairfax County School Board et al.
    **Defendant**

CL-2024-0017790
Doc type: Summons & Complaint
Serve: Fairfax County School Board

STATE OF _____

CITY/COUNTY OF _____, to wit:

    This day _____ personally appeared before the undersigned Notary Public in and for the City/County and State aforesaid, and, having been first duly sworn according to law, deposes and states as follows: that he/she is not a party to, or otherwise interested in, the subject matter in controversy in the within cause, that he/she is over the age of 18 years; that on the ____ day of _____, 20___, at _____ o'clock ____.m. he/she served the within Complaint, in person, on the Defendant _____ at _____

_____

_____ and the Defendant is / is not a resident of the State of Virginia.

                                              **AFFIANT**                  **TITLE**

Subscribed and sworn to before me in my City/County and State aforesaid, this _____ day of _____, 20_____.

Notary ID #: _____

_____
NOTARY PUBLIC

My Commission expires: _____

E-FILED
12/18/2024 23:34:51
CL-2024-0017790
Christopher J. Falcon
CLERK, CIRCUIT COURT
FAIRFAX, VA

**VIRGINIA:**

**IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

| | |
|---|---|
| **JOHN DOE,** by his parents and next friends, JOHN ROE and JANE DOE<br><br>   Plaintiff,<br><br>  v.<br><br>**FAIRFAX COUNTY SCHOOL BOARD**<br><br>  and<br><br>**S.E.,**<br><br>  and<br><br>**C.E.**<br><br>   Defendants. | Case No. |

## COMPLAINT

Plaintiff John Doe, by his parents and next friends, John Roe and Jane Doe, through undersigned attorney, sues Defendants Fairfax County School Board, S.E. and C.E. and states the following:

### PARTIES

1. Plaintiff John Doe, and his parents, John Roe and Jane Doe, are residents of Fairfax County. At all relevant times, Plaintiff John Doe lived in the same residence with John Roe and Jane Doe.

2.  Defendant Fairfax County School Board ("FCSB") is a public school board that is responsible for overseeing the operation and management of the public education system of Fairfax County Public Schools ("FCPS").

3.  Defendant FCSB is the body corporate for FCPS and is vested with all the powers and charged with all the duties, obligations, and responsibilities imposed upon FCPS.

4.  As the corporate body for FCPS, Defendant FCSB is a recipient of federal financial assistance within the meaning of 20 U.S.C. § 1681(a).

5.  Upon information and belief, Defendant S. E. is a resident of Chesterfield County, Virginia. At the time of the incidents discussed below, Defendant S. E. was a resident of Fairfax County.

6.  Upon information and belief, Defendant C. E. is a resident of Chesterfield County, Virginia. At the time of the incidents discussed below, Defendant C. E. was a resident of Fairfax County.

**JURISDICTION AND VENUE**

7.  Jurisdiction is vested in this Court under Virginia Code § 17.1-513.

8.  This Court has personal jurisdiction over Defendant Fairfax County School Board under Virginia Code § 8.01-328.1 because it caused tortious injury by an act or omission in the Commonwealth of Virginia.

9.  This Court has personal jurisdiction over Defendant S. E. under Virginia Code § 8.01-328.1 because he caused tortious injury by an act or omission in the Commonwealth of Virginia.

10. This Court has personal jurisdiction over Defendant C. E. under Virginia Code § 8.01-328.1 because she caused tortious injury by an act or omission in the Commonwealth of Virginia.

11. Venue is proper under Virginia Code § 8.01-262 because Fairfax County is where the cause of action arose.

**APPLICABLE LAW AND POLICY**

12. Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a), states that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .

13. Title IX is implemented through the Code of Federal Regulations. See 34 C.F.R. Part 106. 34 C.F.R. § 106.8(b) provides:

> . . . A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which should be prohibited by this part.

14. In *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), the Supreme Court held that the recipient of federal funds violates Title IX and is subject to a private right of action, where the funding recipient is "deliberately indifferent" to known acts of student-on-student sexual harassment.

15. The Court in *Davis* held that a plaintiff in a student-on-student harassment case may prevail in a Title IX damages action against a school district where: (a) the school district is deliberately indifferent to known sexual harassment; (b) the harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to educational opportunities or benefits provided by the school; and (c) the school exercised substantial control over the harasser and the context in which the harassment occurred. *Davis*, 526 U.S. at 645-45, 650.

**FACTUAL ASSERTIONS**

16. During the 2022-2023 school year, Plaintiff John Doe was a third-grade student at Lees Corner Elementary School.

17. Lees Corner Elementary School is a school within the FCPS system.

18. During the 2022-2023 school year, Defendant S. E.'s and Defendant C. E.'s son, H. E., was a sixth-grade student at Lees Corner Elementary School.

19. During the 2022-2023 school year, H. E. applied for, and was chosen by FCPS, to be a School Bus Patrol Officer.

20. As a School Bus Patrol Officer, H. E. was delegated authority by Defendant FCSB over other students.

21. To apply for the position of School Bus Patrol Officer, H. E. needed the approval and permission of his parents, Defendants S. E. and C. E.

22. During the 2022-2023 school year, H. E. was a School Bus Patrol Officer on the same school bus taken by Plaintiff John Doe.

23. During the 2022-2023 school year, Defendant C. E., H. E.'s mother, was employed by FCPS as a special education teacher at Lees Corner Elementary School.

24. Defendant C. E. helped H. E. apply for the position of School Bus Patrol Officer.

25. Starting in April or early May of 2023, H. E. engaged in repeated sexual harassment and sexual assaults of Plaintiff John Doe on the school bus, including touching Plaintiff John Doe's penis, having Plaintiff John Doe touch his penis, and touching Plaintiff John Doe's butt, among other sexual actions.

26. As part of the repeated sexual harassment and sexual assaults, H. E. threatened Plaintiff John Doe that H. E. would use his position as School Bus Patrol Officer to make false claims about Plaintiff John Doe to school officials if he did not comply with his demands.

27. As part of the repeated sexual harassment and sexual assaults, H. E. threatened Plaintiff John Doe that H. E. had access to a weapon and that H. E. would shoot one of Plaintiff's teachers if Plaintiff John Doe did not comply with his demands.

28. Plaintiff John Doe complied with H. E.'s demands because of his threats and authority as a School Bus Patrol Officer.

29. In May 2023, H. E. lured Plaintiff John Doe to H. E.'s home with verbal threats. Defendant S. E. was home at the time Plaintiff John Doe came to H. E.'s house. Despite Plaintiff John Doe being three grades younger than H. E., Defendant S. E. invited Plaintiff John Doe into his residence. During that visit, H. E. brought Plaintiff John Doe to a family playroom and forcibly raped him.

30. Upon information and belief, Defendants S. E. and C. E. knew, before April 2023, that H. E. had significant behavioral problems, including exposure to sexual acts.

31. Upon information and belief, Defendants S. E. and C. E. knew, before April 2023, that H. E. posed a threat of physical harm to others.

32. Upon information and belief, FCPS and Defendant FCSB had actual knowledge, before May 2023, that H. E. had significant behavioral problems, including exposure to sexual acts.

33. Upon information and belief, H. E. has been the subject of other Title IX complaints by other students.

34. On May 26, 2023, the Assistant Principal at Lees Corner Elementary School notified FCPS of the sexual harassment by H. E. against Plaintiff John Doe.

35. No one from Defendant FCSB or FCPS or Lees Corner Elementary School contacted Plaintiff's parents, John Roe and Jane Doe, about the sexual harassment before June 1, 2023.

36. On June 1, 2023, Jane Doe, Plaintiff's mother, was contacted by Fairfax County Police Department about the actions by H. E. against Plaintiff John Doe.

37. Starting June 2, 2023, John Roe and Jane Doe kept Plaintiff John Doe out of school to avoid potential contact with H. E.

38. Defendant FCSB and FCPS continued to let H. E. hold his position as School Bus Patrol Officer through the end of the 2022-2023 school year.

39. Defendant FCSB and FCPS did not take any action to prevent H. E. from being near Plaintiff John Doe while at school or on the school bus.

40. Before June 5, 2023, Defendant FCSB and FCPS did not offer Plaintiff John Doe any meaningful help or support after learning what H. E. had done to him.

41. Plaintiff John Doe did not take or fail to take any action that caused or contributed to his injuries.

## COUNT 1
### (Negligence – Defendant S. E.)

42. Plaintiff adopts and incorporates the paragraphs above by this reference.

43. Defendant S. E. owed a duty to Plaintiff John Doe, by allowing Plaintiff John Doe to enter his residence, and knowing H. E.'s history, to take reasonable care to oversee Plaintiff Doe while in his residence, and to avoid injuring Plaintiff Doe or others in his residence.

44. Defendant S. E. breached his duty to Plaintiff Doe, while Plaintiff Doe was at his residence, by failing to oversee Plaintiff Doe and failing to take reasonable care to avoid injuring Plaintiff Doe while in his residence.

45. As a direct and proximate result of Defendant S. E.'s breach of duty to him, Plaintiff Doe experienced serious bodily injury, physical pain, suffering, and mental anguish; will continue to experience physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; and suffered other damages.

WHEREFORE, Plaintiff John Doe, through his parents and next friends John Roe and Jane Doe, demands judgment against Defendant S. E in an amount of five million dollars

($5,000,000.00) in compensatory damages, together with pre-judgment interest from May 1, 2023, costs, and such other damages as may properly be awarded by this Court.

### COUNT 2
### (Negligence – Defendant C. E.)

46. Plaintiff adopts and incorporates the paragraphs above by this reference.

47. Defendant C. E. owed a duty to Plaintiff John Doe, knowing H. E.'s history and her professional experience as a special education teacher, to withhold consent to H. E. applying for or holding positions of authority in school when she knew H. E. was not qualified by experience or temperament for the position; had a duty to warn others that H. E. was dangerous and should not hold a position of authority over other students; and to take reasonable care to avoid injuring Plaintiff Doe or others.

48. Defendant C. E. breached her duty to Plaintiff Doe, by consenting to H. E. applying for and holding a position of authority over other students; failing to warn Plaintiff John Doe, the school, or other students about the danger posed by H. E., especially in his position of authority; and failing to take reasonable care to avoid injuring Plaintiff Doe.

49. As a direct and proximate result of Defendant C. E.'s breach of duty to him, Plaintiff Doe experienced serious bodily injury, physical pain, suffering, and mental anguish; will continue to experience physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; and suffered other damages.

WHEREFORE, Plaintiff John Doe, through his parents and next friends John Roe and Jane Doe, demands judgment against Defendant C. E. in an amount of five million dollars ($5,000,000.00) in compensatory damages, together with pre-judgment interest from May 1, 2023, costs, and such other damages as may properly be awarded by this Court.

## COUNT 3
**(Discrimination in Violation of Title IV, 20 U.S.C. § 1681 et seq. – Defendant FCSB)**

50. Plaintiff adopts and incorporates the paragraphs above by this reference.

51. Plaintiff John Doe experienced sexual assault and rape at the hands of another FCPS student, H. E, over an extended period of time in April and May 2023.

52. The actions of H. E. were made known to FCPS administrators and employees.

53. FCPS was obligated to address the actions of H. E. because student-on-student sexual assault is a form of sex discrimination prohibited by Title IX.

54. Plaintiff John Doe's treatment by H. E. was severe, pervasive, objectively offensive, and created a hostile educational environment for Doe based on his sex.

55. FCPS had actual knowledge that Plaintiff John Doe experienced sexual assault and rape based on reports from students and school staff.

56. FCPS had actual knowledge that H. E. was sexually assaulting Plaintiff John Doe and other students, since other Title IX complaints were made against H. E.

57. The FCPS individuals with actual knowledge of Plaintiff John Doe's sexual assault and rape had the authority and ability to investigate and take corrective action to address the sexual assault.

58. The FCPS individuals with actual knowledge of Plaintiff John Doe's sexual assault and rape had the duty to report H. E.'s actions to others, including Plaintiff John Doe's parents.

59. FCPS was further obligated to address these incidents under Title IX because FCPS has substantial control over H. E., who was a student at the school, had a position of authority, and who's actions were occurring at school and on the school bus.

60. By its acts and omissions, FCPS was deliberately indifferent to Plaintiff John Doe's sexual assaults and rape and created a hostile educational environment for him. FCPS's deliberate indifference included, but was not limited to:

      a. Failing to timely address the reports of H. E.'s actions;

      b. Continuing to allow H. E. to be in the presence of Plaintiff Doe after his actions were reported;

      c. Continuing to allow H. E. to have the role of School Bus Patrol Officer even after H. E.'s actions were known;

      d. Failing to take any action that would prevent Plaintiff John Doe from being vulnerable to further assault by H. E. before June 5, 2023;

      e. Failing to notify Plaintiff Doe or his parents, John Roe and Jane Doe of their rights under Title IX until at least 10 days after H. E.'s actions were known.

61. FCPS's actions and inactions caused Plaintiff John Doe to undergo harassment and make him liable or vulnerable to it.

62. FCPS's deliberate indifference to Plaintiff John Doe's sexual assault and rape deprived him of access to educational opportunities and benefits provided by FCPS.

63. As a direct and proximate result of FCPS's violation of Plaintiff John Doe's rights under Title IX, Plaintiff Doe has suffered and continues to suffer losses of educational opportunities and benefits, along with injury, physical pain, suffering, and mental anguish; will continue to experience physical pain, suffering, and mental anguish in the future; incurred medical and other related expenses; will continue to incur medical and other related expenses in the future; and suffered other damages.

WHEREFORE, Plaintiff John Doe, through his parents and next friends John Roe and Jane Doe, demands judgment against Defendant Fairfax County School Board in an amount of five million dollars ($5,000,000.00) in compensatory damages, together with pre-judgment interest from May 1, 2023, costs, attorneys' fees under 42 U.S.C. § 1988(b), and such other damages as may properly be awarded by this Court.

        Respectfully submitted,

        JOHN DOE, by his parents and next friends,
        JOHN ROE and JANE DOE
        By Counsel

        BILTON LAW FIRM, PLLC

By:    _____
        D. Cory Bilton (VA Bar No. 85732)
        700 12th Street, NW, Suite 700
        Washington, DC 20005
        Phone: (202) 347-0303
        Facsimile: (202) 827-0033
        E-mail: cory@biltonlaw.com
        *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues in this matter.

_____
D. Cory Bilton

## COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. ................................................
(CLERK'S OFFICE USE ONLY)

E-FILED
CIVIL DIVISION
CL-2024-0017790
Christopher J. Falcon
CLERK, CIRCUIT COURT
FAIRFAX, VA

Fairfax ................................................ Circuit Court

........ John Doe ........ v./In re: ........ Fairfax County School Board ........
PLAINTIFF(S)                                DEFENDANT(S)
by his parents and next friends, John Roe and Jane Doe            S.E. and C.E.

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Counterclaim
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
    [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[X] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
    [ ] ABC Board
    [ ] Board of Zoning
    [ ] Compensation Board
    [ ] DMV License Suspension
    [ ] Employee Grievance Decision
    [ ] Employment Commission
    [ ] Local Government
    [ ] Marine Resources Commission
    [ ] School Board
    [ ] Voter Registration
    [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
    [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
    [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
    [ ] Complaint – Contested*
    [ ] Complaint – Uncontested*
    [ ] Counterclaim/Responsive Pleading
    [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
    [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
    [ ] Guardian/Conservator
    [ ] Standby Guardian/Conservator
    [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
    [ ] Impress/Declare/Create
    [ ] Reformation
[ ] Will (select one)
    [ ] Construe
    [ ] Contested

**MISCELLANEOUS**
[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
    [ ] Church Trustee
    [ ] Conservator of Peace
    [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
    [ ] Reinstatement pursuant to § 46.2-427
    [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
    [ ] Correct Erroneous State/Local
    [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[X] Damages in the amount of $ 5,000,000.00 are claimed.

12/18/2024
DATE

[ ] PLAINTIFF  [ ] DEFENDANT  [X] ATTORNEY FOR  [X] PLAINTIFF [ ] DEFENDANT

D. Cory Bilton
PRINT NAME

Bilton Law Firm, PLLC
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

700 12th Street, NW, Suite 700, Washington, DC 20005

(202) 347-0303; cory@biltonlaw.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE  02/23

# Civil Action Type Codes
## (Clerk's Office Use Only)

| | |
|---|---|
| Accounting | ACCT |
| Adoption | ADOP |
| Adoption – Foreign | FORA |
| Adult Protection | PROT |
| Aid and Guidance | AID |
| Amend Birth/Death Certificate | AVR |
| Annexation | ANEX |
| Annulment | ANUL |
| Annulment – Counterclaim/Responsive Pleading | ACRP |
| Appeal/Judicial Review | |
|     ABC Board | ABC |
|     Board of Zoning | ZONE |
|     Compensation Board | ACOM |
|     DMV License Suspension | JR |
|     Employment Commission | EMP |
|     Employment Grievance Decision | GRV |
|     Local Government | GOVT |
|     Marine Resources | MAR |
|     School Board | JR |
|     Voter Registration | AVOT |
|     Other Administrative Appeal | AAPL |
| Appointment | |
|     Conservator of Peace | COP |
|     Church Trustee | AOCT |
|     Custodian/Successor Custodian (UTMA) | UTMA |
|     Guardian/Conservator | APPT |
|     Marriage Celebrant | ROMC |
|     Standby Guardian/Conservator | STND |
| Approval of Transfer of Structured Settlement | SS |
| Asbestos Litigation | AL |
| Attachment | ATT |
| Bond Forfeiture Appeal | BFA |
| Child Abuse and Neglect – Unfounded Complaint | CAN |
| Civil Contempt | CCON |
| Claim Impleading Third Party Defendant – Monetary Damages/No Monetary Damages | CTP |
| Complaint – (Miscellaneous) | COM |
| Compromise Settlement | COMP |
| Condemnation | COND |
| Confessed Judgment | CJ |
| Contract Action | CNTR |
| Contract Specific Performance | PERF |
| Counterclaim – Monetary Damages/No Monetary Damages | CC |
| Cross Claim | CROS |
| Declaratory Judgment | DECL |
| Declare Death | DDTH |
| Detinue | DET |
| Divorce | |
|     Complaint – Contested/Uncontested | DIV |
|     Counterclaim/Responsive Pleading | DCRP |
|     Reinstatement – Custody/Visitation/Support/ Equitable Distribution | CVS |
| Driving Privileges | |
|     Reinstatement pursuant to § 46.2-427 | DRIV |
|     Restoration – 3rd Offense | REST |
| Ejectment | EJET |
| Encumber/Sell Real Estate | RE |
| Enforce Vendor's Lien | VEND |
| Escheatment | ESC |
| Establish Boundaries | ESTB |
| Expungement | XPUN |
| Forfeiture of Property or Money | FORF |
| Freedom of Information | FOI |
| Garnishment | GARN |
| Injunction | INJ |
| Intentional Tort | ITOR |
| Interdiction | INTD |
| Interpleader | INTP |
| Interrogatory | INTR |
| Judgment Lien – Bill to Enforce | LIEN |
| Landlord/Tenant | LT |
| Law Enforcement/Public Official Petition | LEP |
| Mechanics Lien | MECH |
| Medical Malpractice | MED |
| Motor Vehicle Tort | MV |
| Name Change | NC |
| Other General Tort Liability | GTOR |
| Partition | PART |
| Permit, Unconstitutional Grant/Denial by Locality | LUC |
| Petition – (Miscellaneous) | PET |
| Product Liability | PROD |
| Quiet Title | QT |
| Referendum Elections | ELEC |
| Reinstatement (Other than divorce or driving privileges) | REIN |
| Removal of Case to Federal Court | REM |
| Restore Firearms Rights – Felony | RFRF |
| Restore Firearms Rights – Review | RFRR |
| Separate Maintenance | SEP |
| Separate Maintenance – Counterclaim/Responsive Pleading | SCRP |
| Sever Order | SEVR |
| Sex Change | COS |
| Taxes | |
|     Correct Erroneous State/Local | CTAX |
|     Delinquent | DTAX |
| Termination of Mineral Rights | MIN |
| Trust – Impress/Declare/Create | TRST |
| Trust – Reformation | REFT |
| Uniform Foreign Country Money Judgments | RFCJ |
| Unlawful Detainer | UD |
| Vehicle Confiscation | VEH |
| Violation – Election Law | VEL |
| Voting Rights – Restoration | VOTE |
| Will Construction | CNST |
| Will Contested | WILL |
| Writs | |
|     Certiorari | WC |
|     Habeas Corpus | WHC |
|     Mandamus | WM |
|     Prohibition | WP |
|     Quo Warranto | WQW |
| Wrongful Death | WD |