IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**JOHN DOE,**
by his parents and next friends,
JOHN ROE and JANE DOE

            Plaintiff,

  v.

**FAIRFAX COUNTY SCHOOL BOARD,
et al.**

           Defendants.

Case No. 1:25-cv-00348-RDA-IDD

**PLAINTIFF'S OPPOSITION TO DEFENDANT FAIRFAX
COUNTY SCHOOL BOARD'S MOTION TO DISMISS**

Plaintiff John Doe, by his parents and next friends, John Roe and Jane Doe, by counsel, opposes Defendant Fairfax County School Board's ("FCSB") Motion to Dismiss as follows:

**1.    Standard of Review for Motion to Dismiss**

The Defendant's Motion attempts to de-emphasize that Virginia is a notice pleading state. "Even a flawed complaint will survive demurrer if it is drafted so that the defendant is on notice of the nature and character of the claim." *Lodal v. Verizon Va. Inc.*, 74 Va. Cir. 110, 112 (Fairfax Co. Cir. Ct. 2007) (*citing Cetercorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993)); *Boy Blue Inc. v. Brown*, 74 Va. Cir. 4, 14 (Essex Co. Cir. Ct. 2007) (holding that in order to withstand demurrer, notice pleading requires only allegations sufficient to inform defendants of the nature and character of the claim being made without the necessity of having to provide details).

This notice standard applies to federal cases in this Circuit as well. "To survive, a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled

1

to relief.'" *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (*citing* Fed. R. Civ. P. 8(a)(2)). The function of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). "[I]mportantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive such a motion, the complaint must allege facts sufficient to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Haley*, 738 F.3d at 116 (internal citation omitted). When reviewing the legal sufficiency of a complaint, the Court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Notably, a motion to dismiss should be granted only in "very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).

This is especially true in cases where a person's civil rights are at issue. "Moreover, when such a dismissal involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (*citing Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)). This Circuit has specifically adopted a notice pleading standard in Title IX cases. *See Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230 (4th Cir. 2021).

### 2.     The Plaintiff's Complaint is Sufficient to Survive a Motion to Dismiss

Applying this notice pleading standard, the Plaintiff's Complaint has more than sufficient facts to put the Defendant on notice of the nature and character of the claim and therefore survive the Defendant's Motion to Dismiss. The Complaint sufficiently identifies the Plaintiff student (Pl. Compl. ¶ 16) and the Defendant, H.E. (Pl. Compl. ¶ 18), and that H.E. was chosen by Fairfax County Public Schools ("FCPS") to be a School Bus Patrol Officer with authority by Defendant FCSB over other students, including the Plaintiff (Pl. Compl. ¶¶ 19-20, 22). The Complaint states that "[s]tarting in April or early May of 2023, H.E. engaged in repeated sexual harassment and sexual assaults of Plaintiff John Doe on the school bus, including touching Plaintiff John Doe's penis, having Plaintiff John Doe touch his penis, and touching Plaintiff John Doe's butt, among other sexual actions" (Pl. Compl. ¶ 25) and that "[a]s part of the repeated sexual harassment and sexual assaults, H.E. threatened Plaintiff John Doe that H.E. would use his position as School Bus Patrol Officer to make false claims about Plaintiff John Doe to school officials if he did not comply with his demands" (Pl. Compl. ¶ 26) and/or "shoot one of Plaintiff's teachers if Plaintiff John Doe did not comply with his demands" (Pl. Compl. ¶ 27). "Plaintiff John Doe complied with H.E.'s demands because of his threats and authority as a School Bus Patrol Officer" (Pl. Compl. ¶ 28).

The Complaint then sufficiently explains that Defendant FCSB had actual knowledge of the above, including that H.E. had significant behavioral problems, including exposure to sexual acts" (Pl. Compl. ¶ 32), that H.E. had been the subject of other Title IX complaints by other students (Pl. Compl. ¶ 33), and that "[o]n May 26, 2023, the Assistant Principal at Lees Corner Elementary School notified FCPS of the sexual harassment by H.E. against Plaintiff John Doe" (Pl. Compl. ¶ 34).

The Complaint also specifically identifies that the FCSB's actions were in violation of Title IX and deprived the Plaintiff of access to educational opportunities and benefits, which included not contacting the Plaintiff's parents before June 1, 2023 (Pl. Compl. ¶ 35), letting H.E. continue to hold his position as School Bus Patrol Officer (Pl. Compl. ¶ 38), not taking action to prevent H.E. from being near the Plaintiff while at school or on the bus (Pl. Compl. ¶ 39), and not offering the Plaintiff any meaningful help or support after learning what H.E. had done to him (Pl. Compl. ¶ 40).[1]

Given the level of detail in the Complaint, the Defendant's argument that Plaintiff's Complaint doesn't meet the notice pleading standard does not pass the laugh test. The bulk of the Defendant's Motion reads more like a motion for summary judgment and asks the Court to make inferences and factual conclusions that are not appropriate for a motion to dismiss. The Defendant's Motion to Dismiss should therefore be denied. If the Court is inclined to grant the Defendant's Motion, the Plaintiff requests leave to amend the Complaint.

### 3. The Plaintiff's Complaint Alleges Damages Beyond Those for Emotional Distress

The Defendant claims that *Cummings* strips plaintiffs of the right to recover compensation for emotional distress in Title IX Claims. Def. Mem. § II. This argument again attempts to lead this Court astray as to the issues to be decided in a motion to dismiss. First, the Plaintiff does not have a separate claim or count for emotional distress. It is true that in Count 3 of Plaintiff's Complaint, the Plaintiff included the phrase, "physical pain, suffering, and mental anguish" to describe the consequences to the Plaintiff. But this was one type of damage among many listed, including lost educational opportunities, medical expenses, and other damages. Pl. Compl. ¶ 63.

---

[1] It is notable that the FCSB determined on its own that there was a violation of Title IX in this case, which the Plaintiff will supply evidence of if the Court grants leave to amend the Complaint.

The Defendant's own motion also indicates that the Plaintiff has a right to pursue nominal damages. Def. Mem. at 13 n.5. Regardless, the fact that the scope of the Plaintiff's damages alleged in the Complaint encompasses a broader range of categories than contemplated by *Cummings* means that there is nothing for this Court to dismiss in response to this part of the Defendant's argument. As indicated above, the Plaintiff has pled sufficient facts to provide notice to the Defendant of the nature of the claim. As part of that notice, the Plaintiff has no obligation to plead each element of damage with specificity. At trial, it will be the Plaintiff's burden to provide evidence of damages. But at the motion to dismiss stage in the process, the Court should not be weighing the sufficiency of evidence on damages or any other part of the Plaintiff's claims; rather, it should be merely deciding whether the Plaintiff's Complaint sufficiently states a cause of action, which it does.

THEREFORE, the Plaintiff respectfully requests this Court enter the attached Order denying Defendant Fairfax County School Board's Motion to Dismiss.

    Respectfully submitted,

    BILTON LAW FIRM, PLLC


By:   /s/ D. Cory Bilton
       D. Cory Bilton (VA Bar No. 85732)
       700 12th Street, NW, Suite 700
       Washington, DC 20005
       Phone: (202) 347-0303
       Facsimile: (202) 827-0033
       E-mail: cory@biltonlaw.com
       *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025 a copy of Plaintiff's Opposition to Defendant Fairfax County School Board's Motion to Dismiss, and the proposed order attached thereto, was filed with the Court's ECF system and served on:

Ryan M. Bates (VSB No. 74661)
Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (703) 918-4018
rbates@hunton.com
srewari@hunton.com
*Counsel for Defendant Fairfax County School Board*

Kevin S. Elliker (VSB No. 87498)
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, VA 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
kelliker@hunton.com
*Counsel for Defendant Fairfax County School Board*

Michael B. De Troia, Esq. (VSB # 97848)
MCCARTHY WILSON, LLP
2200 Research Boulevard, Suite 500
Rockville, MD 20850
Phone: (301) 762-7770
Fax: (301) 926-7444
E-mail: detroiam@mcwilson.com
*Counsel for Defendants S.E. and C.E.*

                    /s/ D. Cory Bilton
                    D. Cory Bilton