IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOHN DOE, by his parents and next friends JOHN ROE and JANE DOE, <br><br>    Plaintiff,[1] <br><br>v. <br><br>FAIRFAX COUNTY SCHOOL BOARD, *et al.*, <br><br>    Defendant. | Civil Action No. 1:25-cv-348 (RDA/IDD) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Fairfax County School Board's Motion to Dismiss (the "FCSB Motion") (Dkt. 6) as well as Defendants S.E. and C.E.'s Motion to Dismiss (the "Individual Motion") (Dkt. 10).[2] This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motions together with the Complaint (Dkt. 1), Defendants' Memoranda in Support (Dkts. 7, 11), Plaintiff's Opposition Briefs (Dkts. 13, 14), and Defendants' Reply Briefs (Dkts. 15, 16), this Court DENIES the FCSB Motion and GRANTS the Individual Motion for the reasons that follow.

---

[1] Because this suit is brought on behalf of John Doe by his parents, the Court refers to the parents, John Roe and Jane Doe, collectively as the "Plaintiffs."

[2] Defendants S.E. and C.E. will be collectively referred to as the "Individual Defendants."

1

## I. BACKGROUND

### A. Factual Background[3]

During the 2022-23 school year, Plaintiff John Doe ("Student Doe") was a third-grade student at Lees Corner Elementary School. Dkt. 1-1 ¶ 16. Lees Corner Elementary is within the Fairfax County Public School ("FCPS") system. *Id.* ¶ 17. The Individual Defendants' son, H.E., was a sixth-grade student at the same elementary school. *Id.* ¶ 18.

During that school year, H.E. applied for, and was chosen by FCPS, to be a School Bus Patrol Officer. *Id.* ¶ 19. As a School Bus Patrol Officer, H.E. was delegated authority to by Defendant Fairfax County School Board ("FCSB") over other students. *Id.* ¶ 20. To be a School Bus Patrol Officer, the Individual Defendants had to give permission. *Id.* ¶ 21. H.E. was the School Bus Patrol Officer on Student Doe's school bus. *Id.* ¶ 22.

H.E.'s mother, C.E., was employed by FCPS as a special education teacher at Lees Corner Elementary School. *Id.* ¶ 23. C.E. helped H.E. apply to be a School Bus Patrol Officer. *Id.* ¶ 24.

In April or May of 2023, H.E. began touching Student Doe's penis, having Student Doe touch H.E.'s penis, and touching Student Doe's butt, among other things. *Id.* ¶ 25. H.E. also threatened Student Doe that he would use his position as a School Bus Patrol Officer to make false claims about Student Doe to school officials if he did not comply with his demands. *Id.* ¶ 26. H.E. also threatened Student Doe that H.E. had access to a weapon and that H.E. would shoot one of Student Doe's teachers if Student Doe did not comply with his demands. *Id.* ¶ 27. Student Doe complied with H.E.'s demands because of the threats and because of H.E.'s apparent authority. *Id.* ¶ 28.

---

[3] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

In May 2023, H.E. lured Student Doe to H.E.'s home with verbal threats. *Id.* ¶ 29. H.E.'s father, S.E., was home at the time. *Id.* Despite the age difference between the children, S.E. invited Student Doe into his house. *Id.* Later, H.E. forcibly raped Student Doe in the home. *Id.*

Plaintiffs allege, upon information and belief, that the Individual Defendants knew that H.E. had significant behavioral problems, including exposure to sexual acts, before April 2023. *Id.* ¶ 30. They further allege, upon information and belief, that the Individual Defendants knew, before April 2023, that H.E. posed a threat of physical harm to others. *Id.* ¶ 31. Plaintiffs also allege that FCPS and FCSB had actual knowledge, before May 2023, that H.E. had significant behavioral problems, including exposure to sexual acts. *Id.* ¶ 32. Plaintiffs allege, upon information and belief, that H.E. was the subject of other Title IX complaints by other students. *Id.* ¶ 33.

On May 26, 2023, the Assistant Principal at Lees Corner Elementary School notified FCPS of the sexual harassment by H.E. against Student Doe. *Id.* ¶ 34. No one from FCSB, FCPS, or Lees Corner Elementary School contacted Plaintiffs, John Roe and Jane Doe, until June 1, 2023. *Id.* ¶ 36. On June 1, 2023, Jane Doe was contacted by the Fairfax County Police Department about the actions of H.E. against Student Doe. *Id.* ¶ 36. On June 2, 2023, Plaintiffs kept Student Doe out of school to avoid contact with H.E. *Id.* ¶ 37.

FCSB and FCPS continued to let H.E. hold his position as School Bus Patrol Officer through the end of the 2022-23 school year. *Id.* ¶ 38.

Plaintiffs assert a claim pursuant to Title IX of the Civil Rights Act of 1964 against Defendant FCSB. With respect to that count, Plaintiffs specifically allege that "FCPS had actual knowledge that Plaintiff John Doe experienced sexual assault and rape based on reports from students and school staff." *Id.* ¶ 55. Furthermore, Plaintiffs affirmatively allege that "FCPS had

3

actual knowledge that H.E. was sexually assaulting [Student Doe] and other students, since other Title IX complaints were made against H.E." *Id.* ¶ 56. With respect to damages, Plaintiffs allege that Student Doe "has suffered and continues to suffer losses of educational opportunities and benefits, along with injury, physical pain, suffering, and mental anguish" and that he will continue to experience such physical pain, suffering and mental anguish in the future as well as medical and related expenses. *Id.* ¶ 63.

Plaintiff asserts a count of negligence against each of S.E. and C.E.

### B. Procedural Background

On December 18, 2024, Plaintiffs filed the Complaint in the Circuit Court of Fairfax County. Dkt. 1-1. On February 21, 2025, Defendant FCSB removed this action to this Court. Dkt. 1.

After receiving an extension of time in which to respond to the Complaint, FCSB filed its Motion on February 28, 2025. Dkt. 6. On March 3, 2025, the Individual Defendants provided notice of their consent to removal and filed their Motion. Dkts. 9, 10. On March 14, 2025, Plaintiffs filed their Opposition to the FCSB Motion. Dkt. 13. On March 17, 2025, Plaintiffs filed their Opposition to the Individual Motion. Dkt. 14. On March 20, 2025, and March 22, 2025, Defendants filed their respective Reply Briefs. Dkts. 15, 16.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When

reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III. ANALYSIS

The allegations of the Complaint, which are assumed to be true for purposes the Motions to Dismiss, are horrific. Although the Court must examine the claims alleged here with a neutral eye whose sole take is to determine whether Plaintiffs have adequately stated a claim, the Court notes, as it has noted before, that it is alarming that such allegations could be made concerning such activities occurring at a local elementary school. *See B.R. v. F.C.S.B.*, 2023 WL 2464975, at *8 (E.D. Va. Mar. 10, 2023) (allegations of sexual assault "in the county is indeed alarming"). Each of Plaintiffs' three causes of action are asserted against a different Defendant and the Court will examine each count individually.

#### A. Title IX

To establish a Title IX claim based on student-on-student sexual harassment, a plaintiff must show that: (i) he was a student at an educational institution receiving federal funds; (ii) he

suffered sexual harassment that was so severe, pervasive, and objectively offensive that it deprived him of equal access to the educational opportunities or benefits provided by his school; (iii) the school, through an official who has authority to address the alleged harassment and to institute corrective measures, had actual notice or knowledge of the alleged harassment; and (iv) the school acted with deliberate indifference to the alleged harassment. *Doe v. Fairfax Cnty. Sch. Bd.*, 1 F.4th 257, 263-64 (4th Cir. 2021).

Here, Plaintiffs have plausibly alleged a claim under Title IX. Plaintiffs have alleged: (i) that the school affirmatively placed H.E. in a position of power over other students; (ii) that the school was aware of complaints against H.E.; (iii) that H.E. abused Student Doe on a school bus, using the position of power in which the school had placed H.E.; and (iv) that such abuse caused Student Doe harm. Thus, FCSB's argument that it did not have control over the context of the harassment is unpersuasive, where Plaintiffs have alleged that it occurred on a school bus. Dkt. 1-1 ¶ 25. With respect to actual knowledge, at the very least, Plaintiffs have alleged that as of May 26, 2023, the Assistant Principal had knowledge of the sexual harassment of Student Doe. *Id.* ¶ 34. The Court takes judicial notice that May 26, 2023, was a Friday. Yet, Plaintiffs allege that Plaintiffs were not informed until approximately one week later, on Thursday, June 1, 2023, and that Student Doe was not kept home from school until Friday, June 2, 2023. *Id.* ¶¶ 36-37. Plaintiffs further allege that H.E. continued to hold his position as School Bus Patrol Officer through the end of the school year. *Id.* ¶ 38. Taking judicial notice that May 29, 2023, was Memorial Day, Plaintiffs have alleged that there were potentially four days (May 26, 2023, May 30, 2023, May 31, 2023, and June 1, 2023) where H.E. and Student Doe would have been on the bus together and H.E. would have been touching Student Doe or forcing Student Doe to touch him despite the Assistant Principal's actual knowledge of allegations of sexual harassment by H.E. against Student

6

Doe. This is sufficient to allege actual knowledge and deliberate indifference at the Motion to Dismiss stage.[4]

Defendant FCSB also seeks dismissal based on the Supreme Court's decision in *Cummings v. Premier Rehab Keller, LLC*, 596 U.S. 212 (2022). In *Cummings*, the Supreme Court held that a plaintiff bringing claims of discrimination under the Rehabilitation Act and the Patient Protection Affordable Care Act may not seek damages for emotional distress. 596 U.S. at 216-17. The Supreme Court addressed the scope of remedies for a private right of action brought under antidiscrimination statutes that Congress enacted pursuant to its Spending Clause powers and determined that plaintiffs bringing such causes of action may only seek statutory damages as well as those damages "traditionally available in suits for breach of contract." *Id.* at 220-21. The Supreme Court then held that, because emotional distress damages are generally not available in an action for breach of contract, they are not recoverable in claims brought under the Spending Clause statutes. *Id.* at 221, 226-30.

Although *Cummings* did not address claims under Title IX, the Supreme Court specifically referenced Title IX as an antidiscrimination statute under Congressional Spending Clause authority. 596 U.S. at 218. Numerous district courts, including this Court and other district court judges within this District, have held that *Cummings* precludes emotional distress damages in Title IX actions. *See, e.g., B.R. v. F.C.S.B.*, 718 F. Supp. 3d 504 (E.D. Va. 2024) (granting motion for partial summary judgment based on *Cummings*); *Doe v. Fairfax Cnty. Sch. Bd.*, 2023 WL 424265,

---

[4] Because these allegations are sufficient to state a claim, the Court need not resolve whether Plaintiffs have adequately alleged earlier knowledge by a school official. *See Gulledge v. Cabarrus Cnty. Bd. Of Educ.*, 2025 WL 13332311, at *6 (M.D.N.C. May 7, 2025) (relying on allegations made upon information and belief to hold that there was a plausible allegation of actual knowledge).

at *3 & n.1 (E.D. Va. Jan. 25, 2023) (collecting cases and holding that "Plaintiff is precluded from seeking emotional distress damages" under *Cummings*).

The Court is familiar with the rule in *Cummings*. Here, Plaintiffs have alleged some damages related to "mental anguish" as well as other damages related to loss of educational benefits and associated with physical injury. Dkt. 1-1. Although Defendant FCSB acknowledges the Court's familiarity with *Cummings*, Defendant FCSB does not acknowledge how this Court resolved this issue at the motion-to-dismiss stage in the *B.R.* case. Dkt. 7 at 13 (acknowledging the Court's familiarity and citing *B.R.*). Here, the Court will adhere to the same decision that the Court reached in the *B.R.* case and finds that "it would premature" to address this issue at this stage. *B.R.*, 2023 WL 2464975, at *11 (E.D. Va. Mar. 10, 2023). Defendant may raise this argument once the record is more fully developed and the scope of Plaintiffs' damages is clear.

In sum, the Court finds that Plaintiffs have plausibly stated a Title IX claim. The Court also finds that, although *Cummings* governs this case, it is premature to address the scope of Plaintiffs' damages at this stage. Accordingly, Defendant FCSB's Motion is denied.

B.   Negligence Claims

The Individual Defendants seek to dismiss each of the negligence claims asserted against them on the basis that Virginia does not permit parents to be held liable for the acts of their minor children. Dkt. 11 at 6-7. Plaintiffs do not dispute this principle. Dkt. 14 at 3. Indeed, Virginia courts have addressed similar circumstances and rejected attempts by third parties to creatively plead around a theory of liability based on parenthood. *See Kuhn v. Giampa*, 10 Va. Cir. 445 (Fairfax County Cir. Ct. Nov. 10, 2022) (rejecting negligence claims premised on "negligence in failing to supervise their son and failing to secure their firearms within the house knowing of their son's troubles"). This case is no different and, accordingly, the Individual Motion will be granted.

8

Plaintiffs seek to avoid this conclusion by asserting that the negligence claim against S.E. is premised on his duties as a property owner to warn an invitee of any unsafe condition. Dkt. 14 at 3. But, here, there was no unsafe condition of the property itself and the claim in the Complaint is framed as a failure to supervise. *See* Dkt. 1-1 at 9 ¶ 44 (alleging a "failure to oversee"). It is axiomatic that a plaintiff cannot amend the complaint through a responsive pleading. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Moreover, the Supreme Court of Virginia has expressly emphasized that it declines the invitation to "impose by judicial fiat direct liability upon parents for the alleged negligent supervision of their minor children" and that the "answers to the policy questions generated by the rule advocated by the plaintiff should come from the General Assembly and not the courts." *Thompson ex rel. Thompson v. Skate America, Inc.*, 261 Va. 121, 129 (2001). With respect to C.E., Plaintiffs are even more explicit that they seek to hold her liable "in her role as a parent to H.E., not as a school official." Dkt. 14 at 4. Virginia law does not support such a claim. Accordingly, because the Supreme Court of Virginia is clear that no common law tort liability may be imposed on parents for negligent supervision of their minor children, the claims against S.E. and C.E. will be dismissed.[5]

## IV. CONCLUSION

In sum, Plaintiffs have plausibly alleged a claim under Title IX against Defendant FCSB, but Virginia law precludes a negligence claim against the Individual Defendants.

---

[5] Although Plaintiffs request leave to amend their claims, it appears clear that Plaintiffs cannot assert a plausible tort claim against the Individual Defendants. Accordingly, at this time the Court will not grant leave and will move forward with discovery. To the extent that Plaintiffs believe that they can plausibly assert a claim against the Individual Defendants in light of the analysis above and consistent with their obligations under Federal Rule of Civil Procedure 11, Plaintiffs will have to move for leave to amend and such motion will be decided by the assigned magistrate judge.

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant FCSB's Motion to Dismiss (Dkt. 6) is DENIED; and it is

FURTHER ORDERED that the Individual Defendants' Motion (Dkt. 10) is GRANTED; and it is

FURTHER ORDERED that Counts I and II are DISMISSED; and it is

FURTHER ORDERED that a scheduling order will issue promptly.

It is SO ORDERED.

Alexandria, Virginia
August 13, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge